IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GERALD ANTHONY WRIGHT, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-538-P |
| | § | |
| BOBBY LUMPKIN, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Gerald Anthony Wright, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part as an abuse of the writ and in part as time barred and that a sanction should be imposed as to Petitioner's first ground for relief.

**I. BACKGROUND**

Petitioner is serving a life sentence for his 1986 conviction in Tarrant County, Texas, Case No. 2002-573-C, for sexual assault. Pet. 2, ECF No. 1. Petitioner has filed numerous habeas petitions in this Court challenging the same 1986 conviction, among other things, and

---

[1]Bobby Lumpkin has replaced Lorie Davis as director of the Correctional Institutions Division of the Texas Department of Criminal Justice and is automatically substituted as the party respondent. FED. R. CIV. P. 25(d).

has been sanctioned by the Court as an abusive litigant.[2] In what appears to be Petitioner's ninth § 2254 habeas petition filed in this Court, he raises two grounds for relief challenging (1) his eligibility for mandatory supervision release and (2) the Texas Board of Pardons and Paroles's application of standards for determining an inmate's suitability for parole as a violation of the ex post facto clause. *Id.* at 6. Respondent asserts that the petition should be dismissed as time barred. Resp't's Answer 1, ECF No. 15.

## II. DISCUSSION

### A. Mandatory Supervision Eligibility

Under his first ground, Petitioner claims that, although serving a life sentence, he is eligible for mandatory supervision because he is not a person under the sentence of death and has served the equivalent of 60 years confinement. Pet. 6, ECF No. 1; Pet'r's Mem. 1, ECF No. 2.

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or (2) newly

---

[2]*See Wright v. Davis,* No. 4:16-CV-1176-A (dismissed as successive and monetary sanction imposed); *Wright v. Stephens,* No. 4:14-CV-138-A (dismissed as successive and warned); *Wright v. Quarterman,* No. 4:08-CV-343-A (dismissed as successive); *Wright v. Quarterman,* No. 4:08-CV-251-A (dismissed as successive); *Wright v. Quarterman,* No. 4:06-CV-563-A (denied); *Wright v. Scott,* No. 4:95-CV-286-A (dismissed); *Wright v. Collins,* No. 4:91-CV-540-EBM (denied); *Wright v. Johnson,* No. 4:90-CV-894-EBM (dismissed on exhaustion grounds).

discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Additionally, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

Petitioner has challenged his eligibility for mandatory supervision as a result of his life sentence in his three prior habeas petitions on the same or similar grounds raised in the instant petition, all of which were dismissed as successive petitions. Petitioner is well aware of the successive-petition bar and the requirement that he obtain authorization to file such a successive petition from the Fifth Circuit Court of Appeals.[3] Having failed to demonstrate that the Fifth Circuit has authorized him to file the petition, the Court is without jurisdiction to consider the petition as to his first ground. *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000).

**B. Parole Suitability**

Under his second ground, Petitioner claims that harsher standards for parole suitability applied to him violate the ex post facto clause. Pet. 6, ECF No. 1. TDCJ's website indicates that Petitioner was denied parole on January 29, 2019, and is currently in the parole review

---

[3]Petitioner asserts that the petition is not a successive petition "because the legal basis for the claim was unavailable" until after 2014 as he "had not accumulated a total of Sixty (6) Years time credit." Pet'r's Mem. 1, ECF No. 2. However, Petitioner raised or could have raised his claim in his federal petition filed in 2016.

3

process with his next scheduled parole review in January 2021. *See* TEXAS DEPARTMENT OF CRIMINAL JUSTICE, TDCJ's Offender Information Details, http://www.offender.tdcj.gov/ OffenderSearch/offenderDetail (last visited November 10, 2020).

Title 28, United States Code, 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the parole context, limitations commenced under subsection (D) on the date Petitioner was denied parole on January 29, 2019. Thus, Petitioner had one year, or until January 29, 2020, to file the instant petition, absent any tolling.

4

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner raised his claim in a state habeas application, filed on November 4, 2019,[4] which was denied without written order by the Texas Court of Criminal Appeals on January 15, 2020, tolling limitations for 73 days and making his federal petition due on or before April 12, 2020.[5] SHR[6] 23 & Action Taken, ECF No 18-25 & 18-22. The petition, filed on May 22, 2020,[7] is therefore untimely as to Petitioner's second ground unless Petitioner is entitled to tolling as a matter of equity. Pet. 10, ECF No. 1.

Equitable tolling is permitted if a petitioner can prove that he is actually innocent of the crime for which he was convicted or, applicable here, in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland*

---

[4]A pro se prisoner's state habeas application is deemed filed when placed in the prison mailing system for mailing. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state application does not reflect that information but was signed by Petitioner on November 4, 2019. For purposes of this opinion, the application is deemed filed on that date.

[5]The record also reflects that Petitioner sought Special Review of the parole denial, but such review does not operate to toll limitations for purposes of § 2244(d)(2). *Wion v. Quarterman,* 567 F.3d 146, 148 (5th C ir. 2009), *cert. denied,* 558 U.S. 1116 (2010).

[6]"SHR" refers to the record of Petitioner's relevant state habeas proceeding in WR-20,954-10.

[7]A petitioner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

*v. Florida*, 560 U.S. 631 , 649 (2010). Having failed to demonstrate such circumstances, Petitioner is not entitled to equitable tolling.

Petitioner's federal petition was due on or before April 12, 2020, therefore his petition filed on May 22, 2020, is untimely as to his second ground.

## **SANCTION**

Petitioner was warned as follows in his prior habeas proceeding in No. 4:14-CV-138-A:

> Petitioner is warned that the filing of any other successive challenge to his 1986 state court conviction or sentence and/or his *eligibility for mandatory supervision release,* without first obtaining and providing to this Court an authorization from the United States Court of Appeals for the Fifth Circuit, may result in the imposition of sanctions, including a monetary penalty, a bar to filing any further habeas petitions, motions or lawsuits, or other impediments.

Mem. Op. 4-5, Wright v. Stephens, Civil Action No. 4:14-CV-138-A, ECF No. 5 (emphasis added). Undeterred, Petitioner challenged his eligibility for mandatory supervision release again in his prior habeas proceeding in No. 4:16-CV-1176-A and a monetary sanction of $100 was imposed, which was paid in full after the filing of the instant petition. Mem. Op. 5-6, Wright v. Davis, Civil Action No. 4:16-CV-1176-A, ECF No. 5. Nevertheless, Petitioner continues to flout the Court's clear and unequivocal orders and the procedural requirements for filing successive habeas petitions. Therefore, he is **BARRED** from filing any future habeas petitions in this Court challenging his eligibility for mandatory supervision release unless authorized to do so by the United States Court of Appeals for the Fifth Circuit.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as an abuse of the writ as to ground one and **DISMISSED** as time barred as to ground two. Petitioner is **BARRED** from filing any future habeas petitions challenging his eligibility for mandatory supervision in this Court without authorization to do so by the United States Court of Appeals for the Fifth Circuit. A certificate of appealability is DENIED.

**SO ORDERED** on this 10th day of November, 2020.

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE